ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| ALFREDO RAFAEL ROLÓN NARVÁEZ RECURRENTE  v.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN RECURRIDO | KLRA202500346 | Revisión administrativa procedente del Departamento de Corrección y Rehabilitación  Caso Núm. B705-33585  Sobre: Acuerdos del Comité de Clasificación y Tratamiento |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de julio de 2025.

Comparece Alfredo Rafael Rolón Narváez (en adelante, el recurrente) mediante un *Recurso de Revisión de Decisión Administrativa,* para solicitarnos la revisión judicial de la determinación emitida el 7 de abril de 2025, notificada el 15 de abril de 2025 por el Comité de Clasificación y Tratamiento del Departamento de Corrección y Rehabilitación (en adelante, el Departamento).

I.

El recurrente está cumpliendo una pena de cárcel de cuarenta (40) años por violación al Art. 5.04 de la Ley de Armas, Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, diez (10) años por violación al Art. 5.15 de la Ley de Armas, *supra,* y noventa y nueve (99) años por asesinato en primer grado. En el mes de noviembre de 2023, el recurrente firmó un contrato con el Departamento de Corrección y Rehabilitación para participar en el Programa de Teatro. El 30 de noviembre de 2023, se asignó al recurrente al Programa de Teatro Correccional en el Instituto

Número Identificador

SEN2025_____

Educativo Correccional. El 28 de marzo de 2025, el Departamento recibió información confidencial sobre incumplimiento en el Pase Especial que tuvo el recurrente del 14 al 16 de febrero de 2025.

El 7 de abril de 2025, el Comité de Clasificación y Tratamiento (CCT) del Departamento acordó cancelar los pases subsiguientes, solicitar el traslado del recurrente al Centro de Detención Bayamón 1072 y darlo de baja del Programa de Teatro y del Programa de Artesanía del Instituto de Bellas Artes y Estudios Universitarios. En la determinación del Departamento surge que la decisión fue tomada por surgir información de incumplimiento con su pase especial del 14 al 16 de febrero de 2025. Se indicó que el recurrente había incumplido con los acuerdos contractuales del Programa en el cual se encuentra. La copia de los acuerdos del Comité fue entregada al recurrente el 15 de abril de 2025.

El 5 de mayo de 2025, el recurrente presentó un escrito titulado *Moción urgentísima informando motivo que impide cumplir con el proceso de reconsideración.* Expuso que la determinación del Comité no cumple con las disposiciones de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38 de 30 de junio de 2017, según enmendada, ya que no contiene determinaciones de hechos ni conclusiones de derecho. Razón por la cual alega que no tiene los elementos necesarios para poder defenderse de las alegaciones sobre el incumplimiento con los acuerdos contractuales del Programa.

El Departamento no actuó dentro del término de quince (15) días de presentada la solicitud de reconsideración. Inconforme, el recurrente presentó un recurso de revisión administrativa y formuló los siguientes errores:

> ERRÓ EL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN AL NOTIFICAR SU DETERMINACIÓN SIN INCLUIR NI EXPONER SEPARADAMENTE DETERMINACIONES DE HECHO Y CONCLUSIONES DE DERECHO QUE FUNDAMENTEN

LA ADJUDICACIÓN, LO CUAL PRIVA AL RECURRENTE DE ENTENDER EL RAZONAMIENTO DE LA DECISIÓN ADMINISTRATIVA.

ERRÓ EL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN AL DAR DE BAJA AL RECURRENTE DE LOS PROGRAMAS DE TEATRO Y ARTESANÍA SIN HABER CELEBRADO UN PROCEDIMIENTO DISCIPLINARIO, SEGÚN ORDENA EL MANUAL DEL INSTITUTO DE BELLAS ARTES Y ESTUDIOS UNIVERSITARIOS.

El 13 de junio de 2025, emitimos una *Resolución* concediéndole un término a la parte recurrida para presentar el expediente administrativo y presentar su oposición al recurso de revisión administrativa. El 17 de junio de 2025, dicha *Resolución* fue enmendada *Nunc Pro Tunc* a fin de corregir el número de caso.

Posteriormente, la parte recurrida radicó una *Solicitud de Remedios y Término Adicional*. El 9 de julio de 2025 emitimos una *Resolución* concediéndole a la parte recurrida hasta el 23 de julio de 2025 para exponer posición sobre el recurso de revisión.

El 16 de julio de 2025, el Departamento presentó una *Moción en Cumplimiento de Resolución*. Mediante la cual sometió copia del expediente administrativo del recurrente. El 23 de julio de 2025 la parte recurrida presentó el *Escrito de Cumplimiento de Resolución y Solicitud de Desestimación*. En esencia, el Departamento adujo que, la resolución recurrida no es una determinación final de la agencia y que el recurrente no siguió el trámite administrativo correcto para solicitar la revisión de la decisión de traslado emitida por el CCT. Arguyó que la Sección 8 del Reglamento Núm. 9151 rige los traslados entre instituciones. Sostuvo que dicha sección establece que la petición de traslado realizada por un confinado o personal del Departamento será presentada por el técnico de servicios sociopenales al Comité de Clasificación y Tratamiento de la Institución para su evaluación y recomendación. Asimismo, dispone que la determinación final de ubicación se le enviará a la Oficina de Manejo de Control de población. Alegó que cuando el miembro de la

población correccional no está de acuerdo con la determinación sobre un traslado debe presentar una solicitud de remedios administrativo conforme el Reglamento Núm. 8583 para Atender las Solicitudes de Remedios Administrativos radicadas por los miembros de la Población Correccional.

Evaluado los escritos y el expediente administrativo, procedemos a disponer.

## II.

### A.

Es sabido, que la jurisdicción es conocida como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384, 394 (2022). Es principio reiterado que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018). Por tanto, es deber del foro primario y apelativo analizar en todo caso si poseen jurisdicción para atender las controversias presentadas. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Así pues, si un tribunal carece de jurisdicción, lo procedente es la desestimación del caso sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG, supra,* pág. 698; *Mun. San Sebastián v. QMC Telecom, supra.*

### B.

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA § 9601 *et seq.* establece el marco normativo que

rige la revisión judicial de las decisiones emitidas por las agencias administrativas. *Otero Rivera v. Bella Retail Group, Inc.*, 213 DPR 473, 484 (2024). Dicho marco se sustenta en el principio de razonabilidad, lo que implica evaluar que no se haya actuado de manera arbitraria o ilegal, o de forma tan irrazonable que constituya un abuso de discreción. *Torres Rivera v. Policía de PR*, 186 DPR 606, 626 (2016). A tenor, existen tres aspectos que delimitan el alcance de la revisión judicial de las decisiones administrativas: "(1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho del ente administrativo fueron correctas". *Rolón Martínez v. Caldero López*, 201 DPR 26, 36 (2018) (citando a *Pagán Santiago v. ASR*, 185 DPR 341, 358 (2012)). La Sección 3.14 de la precitada ley dispone lo siguiente:

> Una **orden o resolución final** deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.
> La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso.
> La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.
> La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.
> 3 LPRA § 9654. (Énfasis nuestro).

En este sentido, se ha interpretado que una "orden o resolución final" es aquella que "dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes". *Pérez*

*López v. Depto. Corrección*, 208 DPR 656, 672-673 (2022) (citando a *Depto. Educ. v. Sindicato Puertorriqueño*, 168 DPR 527, 545 (2006)).

En virtud de lo anterior, la Sección 4.2 de dicha ley establece que:

> **Una parte adversamente afectada por una orden o resolución <u>final</u> de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones,** dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 LPRA § 9672. (Énfasis nuestro).

En materia del alcance de la revisión judicial, "el Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio". *Id.* Sec. 4.5. Respecto a las determinaciones de hechos de las decisiones de las agencias, estas serán sostenidas por el tribunal siempre que se fundamenten en evidencia sustancial que obra en el expediente administrativo. *Id.* En contraste, las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. *Id.* Recientemente, nuestro más alto foro reiteró que "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática [...]". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR __ (2025) (Énfasis en el original omitido).

C.

De conformidad con el Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, el cual establece las facultades del Departamento de Corrección y Rehabilitación, se promulgó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población

Correccional, Reglamento Núm. 8583 de 3 de junio de 2015 (Reglamento Núm. 8583). Además, este fue creado al amparo de la ley federal conocida como el *Civil Rights of Institutionalized Person Act*, 42 USC 1997 *et seq.* con el fin de canalizar de forma efectiva los reclamos de la población correccional. *Pérez López v. Depto. Corrección, supra*, pág. 670. El objetivo principal del referido esquema legal es que, toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal del Departamento de Corrección y Rehabilitación. Además, este tiene como objetivo el evitar y reducir la presentación de pleitos en los Tribunales de Justicia. Véase, Introducción del Reglamento Núm. 8583, *supra*; *Pérez López v. Depto. Corrección, supra.*

Específicamente, la Regla VI del Reglamento Núm. 8583, *supra*, regula la normativa relacionada a la jurisdicción de la División de Remedios Administrativos. Esto es:

> La División tendrá jurisdicción para atender toda Solicitud de Remedio radicada por los miembros de la población correccional en cualquier institución o facilidad correccional donde se encuentre extinguiendo sentencia y que esté, relacionada directa o indirectamente con:
> 1. **Actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional.** (Énfasis nuestro).
> . . . . . . . .

A su vez, las Reglas XIV y XV del precitado reglamento establecen el proceso de revisión de respuesta de reconsideración y revisión judicial conforme a la Ley Núm. 38-2017. De modo que, el miembro de la población correccional podrá solicitar revisión ante este foro apelativo, "dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la Notificación de la **Resolución de Reconsideración**,

emitida por el Coordinador de Remedios Administrativos o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la Agencia no actúa conforme a la misma". Regla XV, Reglamento Núm. 8583, *supra.*

D.

El Manual para la Clasificación de los Confinados, Reglamento Núm. 9151 de 22 de enero de 2020, tiene como propósito establecer un sistema organizado para ingresar, procesar y asignar a los confinados a instituciones y programas de adultos del Departamento de Corrección y Rehabilitación. Así pues, dicho reglamento regula los traslados entre instituciones. En particular, el cuarto inciso de la Sección 8 del Reglamento Núm. 9151, *supra,* establece el procedimiento de solicitudes de traslado generadas por la institución. En cuanto a los confinados sentenciados, el Reglamento Núm. 9151, *supra,* dispone que:

> [L]a petición solicitada a instancias del confinado o del personal, será presentada por el técnico de servicios sociopenales al Comité de Clasificación y Tratamiento de la institución para su evaluación y recomendación.
> La petición del Comité será enviada a la Oficina de Clasificación de Confinados si la misma responde a una petición de traslado entre instituciones. **La determinación final de ubicación se le enviará a la Oficina de Manejo de Control de Población.** (Énfasis nuestro).

En este sentido, dicho reglamento enumera los pasos a seguir por el personal de la Oficina de Clasificación de Confinados para realizar una determinación final. Ahora bien, la Sección 7 del aludido reglamento establece el procedimiento para la reconsideración y la revisión judicial de una decisión de custodia.

De otra parte, el Reglamento para la Concesión de Permisos a los miembros de la población correccional para salir de las instituciones correccionales del Gobierno de Puerto Rico, Reglamento Núm. 9499 de 19 de septiembre de 2023, establece en su Artículo VIII (A) (18) que "[s]i el miembro de la población

correccional incurre en violación de alguna de las condiciones impuestas, el caso será sometido al Comité de Clasificación y Tratamiento para su evaluación. El Secretario o su representante autorizado podrán posponer o suspender el permiso".

En lo pertinente, el Manual del Instituto de Bellas Artes y Estudios Universitarios del Departamento de Corrección y Rehabilitación establece que "[u]na vez que se le notifique al miembro de la población correccional que será admitido a alguno de los programas el Técnico de Servicios Sociopenales del Instituto de Bellas Artes y Estudios Universitario o la persona designada a estos fines, orientará al miembro de la población correccional sobre las normas del programa, las cláusulas del contrato de participación y formará el contrato". El referido Manual dispone que, si el miembro de la población incumple con las normas establecidas, se notificará de inmediato a la Unidad de Servicios Sociopenales para la acción correspondiente; que incluye el rendir un informe y radicar la querella administrativa.

III.

El recurrente nos solicita que revisemos la decisión del Comité de Clasificación y Tratamiento mediante la cual determinó: 1) cancelar los pases subsiguientes, 2) solicitarle un traslado al Centro de Detención de Bayamón 1072, y 3) "darlo de baja" del Programa de Teatro y del Programa de Artesanía del Instituto de Bellas Artes y Estudios Universitarios. El recurrente adujo que la decisión afecta su plan institucional al privarlo de su participación de dichos programas, los cuales son inexistentes en su ubicación actual en el Centro de Detención Bayamón 1072. Además, sostuvo que afecta su participación como estudiante del programa de la Universidad de Puerto Rico, Recinto de Río Piedras.

Por su parte, el Departamento afirmó que el recurrente no agotó los remedios administrativos ya que para solicitar la revisión

del traslado tenía que presentar una solicitud de remedios conforme el Reglamento Núm. 8583. Expuso que las determinaciones sobre traslado no son determinaciones finales sujetas a revisión judicial. Asimismo, arguyó que el Reglamento Núm. 9499, *supra*, dispone de un procedimiento de reconsideración y de revisión de denegatoria de pases. Argumentó que este Tribunal carece de jurisdicción para atender los méritos del recurso.

En primer lugar, resaltamos que de los Acuerdos del Comité de Clasificación y Tratamiento únicamente se desprende, de manera escueta, que se recibió información confidencial sobre un incumplimiento relacionado con el pase especial del 14 al 16 de febrero de 2025. A su vez, la determinación no indica en qué consistió dicho incumplimiento o cuál disposición del contrato fue violentada.

En segundo lugar, ciertamente la determinación emitida por la Agencia no constituye una "orden u resolución" final que conlleve conclusiones de hecho o de derecho conforme a la Ley Núm. 38-2017, *supra*. No obstante, si bien la Agencia advierte sobre el procedimiento para solicitar Revisión Judicial o presentar una solicitud de reconsideración respecto a **decisiones de custodia**, **omite incluir advertencia o instrucción alguna en cuanto al trámite ante la División de Remedios Administrativos**. En otras palabras, no incluye información sobre el curso a seguir para impugnar la determinación de cancelación de pases, traslado o la remoción del Programa de Teatro y Programa de Artesanía, asuntos que son objeto de la misma. **En este sentido, al carecer por completo de especificaciones concernientes al procedimiento ante la DRA, dicha decisión resulta inoficiosa**.

Nótese que, en su escrito, el Departamento centra su argumentación en que la determinación del Comité de Clasificación y Tratamiento en controversia versa sobre el traslado del recurrente;

sin embargo, dicha decisión abarca también dos asuntos adicionales ya expuestos. Cabe destacar que los todos reglamentos citados por la Agencia en su recurso fueron promulgados al amparo del Plan 2-2011, *supra,* el cual reafirma expresamente el objetivo de política pública de reglamentar las instituciones penales a fin de que cumplan sus propósitos en **forma efectiva** y propender, dentro de los recursos disponibles, al tratamiento adecuado de la población correccional para hacer posible su rehabilitación moral y social. Por todo lo anterior, este Tribunal está impedido de ejercer su función revisora.

IV.

De conformidad con lo antes expuesto, se *desestima* por falta de jurisdicción el recurso de Revisión Administrativa.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones